**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

MARK PRINCIPE, individually on behalf of himself and all others similarly situated,

Plaintiff,

-against-

EDISON NATION, LLC, PLYMOUTH DIRECT, INC., EDISON NATION HOLDINGS, LLC., SAVETV SHOP LLC., MEDIA ENTERPRISES II, INC. EVENTYS, LLC., JOHN DOES 1-25,

Defendants.

Case No: 2:15-cv-05453-ADS-AKT

**CLASS ACTION**

**JURY TRIAL DEMANDED**

**ANSWER TO AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND CROSS-CLAIM OF DEFENDANT PLYMOUTH DIRECT, INC.**

COMES NOW, Defendant Plymouth Direct, Inc. ("PD"), by way of Answer and Affirmative Defenses to the Amended Class Action Complaint of Plaintiff Mark Principe ("Plaintiff"), and says:

**AS TO "NATURE OF THE ACTION"**

1. PD admits that it sold certain "Gyro Bowl" products to big box retail outlets. PD denies the remaining allegations set forth in paragraph 1.

2. Aside from denying that the Gyro Bowl packaging is "viewed by every person who purchases a Gyro Bowl from a store, PD neither admits nor deny the allegations set forth in paragraph 2, as those allegations relate to documents that speak for themselves.

3. PD neither admits nor denies the allegations set forth in the first sentence of paragraph 3 as those allegations relate to documents that speak for themselves. PD is without

knowledge or information sufficient to perform a belief as to the truth or falsity of the allegations set forth in the second sentence of paragraph 3, and leaves Plaintiff to his proofs.

4. PD is without knowledge or information sufficient to perform a belief as to the truth or falsity of the allegations set forth in paragraph 4, and leaves Plaintiff to his proofs.

5. PD is without knowledge or information sufficient to perform a belief as to the truth or falsity of the allegations set forth in paragraph 5, and leaves Plaintiff to his proofs.

6. PD denies the allegations set forth in paragraph 6.

7. PD denies the allegations set forth in paragraph 7.

8. PD admits that the claims set forth in paragraph 8 are made in the Amended Class Action Complaint, but denies that the claims are accurate and denies that Plaintiff is entitled to any recovery against PD, whatsoever.

**AS TO "JURISDICTION AND VENUE"**

9. PD denies the allegations set forth in paragraph 9.

10. PD denies the allegations set forth in paragraph 10.

**AS TO "PARTIES"**

11. PD is without knowledge or information sufficient to perform a belief as to the truth or falsity of the allegations set forth in paragraph 11, and leaves Plaintiff to his proofs.

12. PD denies the allegations set forth in paragraph 12.

13. PD is without knowledge or information sufficient to perform a belief as to the truth or falsity of the allegations set forth in paragraph 13, and leaves Plaintiff to his proofs.

14. PD is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 14, and leaves Plaintiff to his proofs.

15. PD is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 15, and leaves Plaintiff to his proofs.

16. PD admits the allegations set forth in paragraph 16.

17. PD is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 17, and leaves Plaintiff to his proofs.

18. PD is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 18, and leaves Plaintiff to his proofs.

19. PD is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 19, and leaves Plaintiff to his proofs.

20. PD admits the allegations set forth in the first sentence of paragraph 20. PD is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the set forth in the second sentence of paragraph 20, and leaves Plaintiff to his proofs. PD neither admits nor denies the allegations set forth in the third sentence of paragraph 20 as those allegations relate to documents that speak for themselves. PD denies the remainder of the allegations set forth in paragraph 20.

21. PD is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 21, and leaves Plaintiff to his proofs.

22. PD is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 22, and leaves Plaintiff to his proofs.

23. PD is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 23, and leaves Plaintiff to his proofs.

24. PD is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first sentence of paragraph 24, and leaves Plaintiff to

his proofs. PD neither admits nor denies the allegations set forth in the second and third sentences of paragraph 24 as those allegations relate to documents that speak for themselves.

25. PD is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 25, and leaves Plaintiff to his proofs.

26. PD is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 26, and leaves Plaintiff to his proofs.

27. PD denies the allegations set forth in paragraph 27.

28. PD denies the allegations set forth in paragraph 28.

**AS TO "FACTUAL ALLEGATIONS"**

29. PD admits only that it sold generic "Gyro Bowl" products to big box retailers, and denies the remaining allegations set forth in paragraph 29.

30. PD admits only that it sold generic "Gyro Bowl" products to big box retailers, and denies the remaining allegations set forth in paragraph 30.

31. PD admits only that it sold generic "Gyro Bowl" products to big box retailers and that it utilized a television commercial and packaging developed by co-defendant Edison Nation in conjunction with those sales. PD is without knowledge or information sufficient to perform a belief as to the truth or falsity of the remaining allegations set forth in paragraph 31, and leaves Plaintiff to his proofs.

32. PD neither admits nor denies the allegations set forth in paragraph 32, as those allegations relate to documents that speak for themselves.

33. Except to deny that PD had any involvement with online advertising and/or online and television sales of the Gyro Bowl, PD is without information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 33.

34. Except to deny that PD had any involvement with online advertising and/or online sales of the Gyro Bowl, PD neither admits nor denies the allegations set forth in paragraph 34, as those allegations relate to documents that speak for themselves.

35. PD neither admits nor denies the allegations set forth in paragraph 35, as those allegations relate to a video which speaks for itself.

36. PD denies the allegations set forth in paragraph 36.

37. PD denies the allegations set forth in paragraph 37.

38. PD denies the allegations set forth in paragraph 38.

39. PD is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 39, and leaves Plaintiff to his proofs.

40. PD is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 40, and leaves Plaintiff to his proofs.

41. Except to deny that Plaintiff suffered any "economic loss," PD is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 41, and leaves Plaintiff to his proofs.

**AS TO "CLASS DEFINITION AND ALLEGATIONS"**

42. PD admits that Plaintiff attempts to certify a class of purchasers of the Gyro Bowl, but denies that class treatment is appropriate.

43. PD admits that Plaintiff attempts to certify a class of purchasers of the Gyro Bowl, but denies that class treatment is appropriate.

44. PD admits that Plaintiff attempts to certify a class of purchasers of the Gyro Bowl, but denies that class treatment is appropriate.

45. PD admits that Plaintiff attempts to certify a class of purchasers of the Gyro Bowl, but denies that class treatment is appropriate.

46. PD admits that Plaintiff attempts to certify a class of purchasers of the Gyro Bowl, but denies that class treatment is appropriate.

47. PD denies the allegations set forth in paragraph 47.

48. PD denies the allegations set forth in paragraph 48.

**AS TO "COUNT I"**

49. PD repeats the prior responses to Plaintiff's allegations as if set forth at length herein.

50. PD admits the allegations set forth in paragraph 50.

51. PD denies the allegations set forth in paragraph 51.

52. PD denies the allegations set forth in paragraph 52.

53. PD denies the allegations set forth in paragraph 53.

54. PD denies the allegations set forth in paragraph 54.

55. PD denies the allegations set forth in paragraph 55.

56. PD denies the allegations set forth in paragraph 56.

57. PD denies the allegations set forth in paragraph 57.

**AS TO "COUNT II"**

58. PD repeats the prior responses to Plaintiff's allegations as if set forth at length herein.

59. PD admits the allegations set forth in paragraph 59.

60. PD admits the allegations set forth in paragraph 60.

61. PD denies the allegations set forth in paragraph 61.

62. PD denies the allegations set forth in paragraph 62.

63. PD denies the allegations set forth in paragraph 63.

64. PD denies the allegations set forth in paragraph 64.

65. PD denies the allegations set forth in paragraph 65.

66. PD denies the allegations set forth in paragraph 66.

67. PD denies the allegations set forth in paragraph 67.

68. PD denies the allegations set forth in paragraph 68.

**AS TO "COUNT III"**

69. PD repeats the prior responses to Plaintiff's allegations as if set forth at length herein.

70. PD denies the allegations set forth in paragraph 70.

71. PD denies the allegations set forth in paragraph 71.

72. PD denies the allegations set forth in paragraph 72.

73. PD denies the allegations set forth in paragraph 73.

74. PD denies the allegations set forth in paragraph 74.

75. PD denies the allegations set forth in paragraph 75.

76. PD denies the allegations set forth in paragraph 76.

77. PD denies the allegations set forth in paragraph 77.

**AS TO "COUNT IV"**

78. PD repeats the prior responses to Plaintiff's allegations as if set forth at length herein.

79. PD denies the allegations set forth in paragraph 79.

80. PD denies the allegations set forth in paragraph 80.

81. PD denies the allegations set forth in paragraph 81.

82. PD denies the allegations set forth in paragraph 82.

83. PD denies the allegations set forth in paragraph 83.

84. PD denies the allegations set forth in paragraph 84.

**AS TO "COUNT V"**

85. PD repeats the prior responses to Plaintiff's allegations as if set forth at length herein.

86. PD denies the allegations set forth in paragraph 86.

87. PD denies the allegations set forth in paragraph 87.

88. PD denies the allegations set forth in paragraph 88.

89. PD denies the allegations set forth in paragraph 89.

90. PD denies the allegations set forth in paragraph 90.

91. PD denies the allegations set forth in paragraph 91.

92. PD denies the allegations set forth in paragraph 92.

93. PD denies the allegations set forth in paragraph 93.

94. PD denies the allegations set forth in paragraph 94.

**AS TO "COUNT VI"**

95. PD repeats the prior responses to Plaintiff's allegations as if set forth at length herein.

96. PD admits that Plaintiff attempts to bring this action on behalf of a class, but denies that class treatment is appropriate or warranted under existing law.

97. PD denies the allegations set forth in paragraph 97.

98. PD denies the allegations set forth in paragraph 98.

99. PD denies the allegations set forth in paragraph 99.

100. PD denies the allegations set forth in paragraph 100.

101. PD denies the allegations set forth in paragraph 101.

**AS TO "COUNT VII"**

102. PD repeats the prior responses to Plaintiff's allegations as if set forth at length herein.

103. PD admits that Plaintiff attempts to bring this action on behalf of a class, but denies that class treatment is appropriate or warranted under existing law.

104. PD denies the allegations set forth in paragraph 104.

105. PD denies the allegations set forth in paragraph 105.

106. PD denies the allegations set forth in paragraph 106.

107. PD denies the allegations set forth in paragraph 107.

108. PD neither admits nor denies the allegations set forth in paragraph 108, as those allegations relate to a document that speaks for itself.

109. PD denies the allegations set forth in paragraph 109.

110. PD denies the allegations set forth in paragraph 110.

111. PD denies the allegations set forth in paragraph 111.

**AS TO "COUNT VIII"**

112. PD repeats the prior responses to Plaintiff's allegations as if set forth at length herein.

113. PD is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 113, and leaves Plaintiff to his proofs.

114. PD denies the allegations set forth in paragraph 114.

115. PD denies the allegations set forth in paragraph 115.

116. PD denies the allegations set forth in paragraph 116.

**AS TO "COUNT IX"**

117. PD repeats the prior responses to Plaintiff's allegations as if set forth at length herein.

118. PD admits that Plaintiff attempts to bring this action on behalf of a class, but denies that class treatment is appropriate or warranted under existing law.

119. PD denies the allegations set forth in paragraph 119.

120. PD denies the allegations set forth in paragraph 120.

121. PD denies the allegations set forth in paragraph 121.

122. PD denies the allegations set forth in paragraph 122.

123. PD denies the allegations set forth in paragraph 123.

124. PD denies the allegations set forth in paragraph 124.

**AFFIRMATIVE DEFENSES**

Without assuming the burden of proof on any matters that would otherwise rest with Plaintiff, and expressly denying any and all wrongdoing, PD alleges the following additional reasons why Plaintiff is not entitled to any relief.

1. The Class Action Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff is not entitled to relief under the statutes and legal theories invoked in the Class Action Complaint because Plaintiff lacks standing.

3. Plaintiff's claims are barred because Defendants breached no duties or covenants, express or implied, allegedly owed to Plaintiff.

4. Plaintiff's claims are barred because no warranty, express or implied, was created or exists and Plaintiff cannot articulate its alleged terms or conditions.

5. Plaintiff's claims are barred because Defendants have not breached the terms or conditions of any warranty or contract with Plaintiff.

6. Plaintiff's claims are barred, in whole or in part, because there was no deceptive act or practice.

7. Plaintiff is precluded from recovery on her fraud and misrepresentation based claims because the representations and actions alleged by Plaintiff was not intended to deceive Plaintiff.

8. None of Defendants' acts, conduct, omissions, or statements alleged in the Class Action Complaint were likely to mislead the public.

9. PD is not responsible for the advertising claims made about the product.

10. Plaintiff's claims are barred, in whole or in part, because Plaintiff knew, at all times, the characteristics, ingredients, uses, benefits, quantities, standard, quality, and grade of the products and therefore could not have justifiably relied on the alleged misrepresentations or omissions asserted in his Class Action Complaint.

11. The Class Action Complaint, and each cause of action therein, is barred because the requested monetary relief is too speculative, remote, and/or impossible to prove and/or allocate.

12. The representations and advertising regarding the product are not unfair. No representation or advertisement contains any false or misleading statement or promises any good not intended to be delivered. As such, the representations and advertising are not, and were not, unfair.

13. The representations and advertising regarding the product are not unlawful because they are not, and were not, in violation of any law or regulation.

14. No act or omission by Defendants or by any person or entity for which Defendants were responsible was the cause of any injury in fact, damages, or loss of money or property alleged by Plaintiff.

15. Plaintiff's claims are barred, in whole or in part, because Defendants have not engaged in any activity or conduct that is a proximate cause of any injury in fact, damages, or loss of money or property alleged by Plaintiff.

16. If Plaintiff suffered any damages or injury in fact, which Defendants expressly deny, Defendants allege that Plaintiff's recovery is barred by their failure to mitigate, reduce, or otherwise avoid her damages or injuries.

17. Based upon Plaintiff's own conduct, Plaintiff's claims are barred by the doctrines of equitable estoppel and equitable indemnity.

18. Based upon Plaintiff's conduct, Plaintiff's claims are barred by the doctrine of waiver.

19. Plaintiff's claims are barred by her failure to seek a refund under Defendants' various refund policies.

20. Plaintiff's claims and damages are barred and/or limited by the applicable statutes of limitations.

21. By virtue of Plaintiff's unreasonable delay in commencing this action, which duly has caused prejudice to Defendants, the Petition and each purported cause of action asserted therein are barred by the doctrine of laches.

22. The Class Action Complaint is barred by the doctrine of unclean hands.

23. This action is barred in whole or in part because Plaintiff's claims are not maintainable as a class action.

24. Any award to the Plaintiff in this action would constitute unjust enrichment.

25. Plaintiff's Class Action Complaint fails to state a claim or set forth facts sufficient to support a claim for attorneys' fees.

26. Plaintiff's claims are barred to the extent that any alleged deceptive statements constitute puffery.

27. Any recovery by Plaintiffs should be offset and diminished by the value to the general public of the use of the product at issue in this case.

28. Defendants hereby reserve the right to amend its answer to raise additional affirmative defenses as they become available or apparent to it through discovery in this matter or otherwise.

WHEREFORE, having fully answered Plaintiff's Class Action Complaint, PD prays for judgment as follows:

1. That certification of the putative Class (the "Class") be denied;

2. That Plaintiff take nothing for his Class Action Complaint and that the Complaint be dismissed with prejudice;

3. That judgment be entered in favor of PD and against Plaintiff;

4. That PD be awarded its costs of suit and attorneys' fees;

5. That the request for attorneys' fees and costs by Plaintiff and her counsel be denied; and,

6. For such other and further relief as the Court deems just and proper.

**CROSSCLAIMS FOR DEFENSE, INDEMNITY AND CONTRIBUTION**

**As to Count I**

**Contractual Indemnification**

While PD denies any liability to the Plaintiff, whatsoever, PD asserts the following Cross Claim against Defendants Edison Nation, LLC ("EN"), Edison Nation Holdings, LLC ("EN Holdings"), SafeTV Shop LLC ("SafeTV"), and Enventys, LLC ("Eventys") (collectively "EN Defendants") and says:

1. The EN Defendants and PD are parties to an April 15, 2010 Commercialization Agreement (the "Agreement"). The "Principle Product" identified in the Agreement is the Gyro Bowl.

2. Section 9(b) of the Agreement, entitled "Indemnification," states:

> Safe TV Shop's Obligations. Subject to section 9(c) hereof, Safe TV Shop shall defend, indemnify and hold harmless [PD]… from and against any and all Liabilities arising in connection with or resulting from… (iii) the inaccuracy of any information provided by

      > Safe TV Shop concerning the Principle Product or its properties, attributes or capabilities, (iv) the content of the Commercial…including, without limitation, Liabilities arising from violation of any law… (v) any violation or alleged violation by Safe TV Shop or the Principle Product, or any component thereof, of any governmental law, rule and/or regulation….

3. The Class Action Complaint represents a "Liability" as that term is defined in the Agreement, and EN has a contractual obligation to defend, indemnify and hold PD harmless in this litigation.

4. By letter dated October 15, 2015, PD notified EN of its obligations pursuant to the Agreement.

5. EN initially responded that it would meet its contractual obligations to PD, but subsequently reneged on that commitment.

6. EN's refusal to meet its written obligations to PD constitutes a material breach of the Agreement.

WHEREFORE, PD prays for relief and judgment against the EN Defendants, for all damages, including costs and reasonable attorney's fees incurred by PD in defending the instant action.

**As to Count II**

**Common Law Indemnification**

While PD denies any liability to the Plaintiff, whatsoever, PD asserts the following Cross Claim against the EN Defendants and says:

1. In the event that PD is held liable to Plaintiff, which liability is expressly denied, then any judgment or verdict against PD will be the result of the active, direct and primary negligence or other wrongful conduct, on the part of Co-Defendants EN, EN Holdings, SafeTV Shop, and Enventys and of third parties who are not parties to this action, with no active or primary negligence or other culpable conduct on the part of PD.

WHEREFORE, PD prays for relief and judgment against the EN Defendants for all damages, including costs and reasonable attorneys' fees incurred by PD in defending the instant action.

**As to Count III**

**Contribution**

While PD denies any liability to the Plaintiff, whatsoever, PD asserts the following Cross Claim against the EN Defendants and says:

1. In the event that PD is held liable to Plaintiff, then any judgment or verdict against PD will be the result of the active, direct and primary negligence or other wrongful conduct, on the part of Co-Defendants EN, EN Holdings, SafeTV Shop and Enventys and, therefore, PD is entitled to contribution in accordance with each parties' relative culpability.

WHEREFORE, PD demands judgment dismissing Plaintiff's Complaint with costs, disbursements and attorney's fees; awarding judgment against the Plaintiff, and/or the EN Defendants, for the full amount of any verdict and judgment or for a proportionate share thereof that the Plaintiff may recover against PD; and for such other and further relief as this court may deem just and proper.

Respectfully submitted,

Dated: September 12, 2016

By: s/ *Christine A. Amalfe*
Christine A. Amalfe
**GIBBONS P.C.**
One Gateway Center
Newark, NJ 07102-5310
Telephone: 973-596-4829
Facsimile: 973-639-6230
E-mail: camalfe@gibbonslaw.com

*Attorneys for Defendant, Plymouth Direct, Inc.*